IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM FULKERSON,

    Plaintiff,

v.                                                                                                               No. 1:25-cv-00258-KK[1]

NEW MEXICO DEPARTMENT OF JUSTICE,
RAUL TORREZ,
HECTOR BALDERAS,
ANDREW DEAKYNE and
RODNEY GABALDON,

    Defendants.

## ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Violation of Constitutional Rights and Damages Complaint, Doc. 1, filed March 12, 2025 ("Complaint"). This case appears to arise from the same events that gave rise to Plaintiff's previous case against these Defendants. *See Fulkerson v. New Mexico Department of Justice*, No. 1:24-cv-00382-SMD-SCY ("*Fulkerson I*").

In *Fulkerson I*, Plaintiff alleged that "his federal career was prematurely ended by the illegal actions of his former employer, the Social Security Administration." Order of Dismissal at 1, Doc. 22, filed February 28, 2025, in *Fulkerson I* ("Order of Dismissal"). After seeking administrative relief from the Equal Employment Opportunity Commission and the Merit

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. § 1915 which allows the Court to authorize commencement of a case without prepayment of the filing fee. *See* Doc. 4, filed March 12, 2025. Plaintiff has paid the filing fee. *See* Doc. 3, filed March 12, 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent power to manage its docket. *See Securities and Exchange Comm'n v. Management Solutions, Inc.*, 824 Fed.Appx. 550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases'") (quoting *Dietz v. Bouldin*, 136 S. Ct. 1885, 1891-92 (2016)).

Systems Protection Board, Plaintiff sought relief in this Court.  See Order of Dismissal at 1 (citing *Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM; *Fulkerson v. Saul*, No. 1:20-cv-01145-WJ-SCY; *Fulkerson v. New Mexico Office of the Attorney General*, No. 1:23-cv-00860-MV-SCY).  In *Fulkerson I*, Plaintiff stated "that he filed complaints with the NMDOJ [New Mexico Department of Justice] alleging that the Social Security Administration, United States Judges and others did not provide Plaintiff with due process."  Order of Dismissal at 2.  Plaintiff asserted due process claims against Defendant NMDOJ, Raul Torrez, Hector Balderas, Andrew Deakyne and Rodney Gabaldon for failing to prosecute the Social Security Administration and the United States Judges.  See Order of Dismissal at 2-3, 8 (Defendants Deakyne and Gabaldon are attorneys with Garcia Law Group, LLC, and are counsel for Defendants NMDOJ, Torrez and Balderas in *Fulkerson I*).

In *Fulkerson I*, United States District Judge Sarah M. Davenport dismissed the claims against Defendants Torrez and Balderas, who Plaintiff sued in their official capacity only, and the NMDOJ without prejudice for lack of subject-matter jurisdiction based on the State of New Mexico's Eleventh Amendment sovereign immunity.  See Order of Dismissal at 3-8.  Judge Davenport dismissed the claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 with prejudice[2] for failure to state a claim because there are no allegations that Defendants Deakyne and Gabaldon were acting under color of state law.  See Order of Dismissal at 8-9 (declining to exercise supplemental jurisdiction of Plaintiff's state-law claims and dismissing those claims without prejudice).

In this case, Plaintiff names the same Defendants he asserted claims against in *Fulkerson I*.  See Complaint at 1.  Plaintiff alleges the Social Security Administration, United

---

[2] Judge Davenport dismissed the claims in conjunction with granting Defendants' motion to dismiss.  See Order of Dismissal at 13.

2

States Judges and others violated Plaintiff's civil rights during proceedings Plaintiff initiated following his termination of employment with the Social Security Administration. *See* Complaint at 3-14; at 21, ¶ 78 (stating "Plaintiff has exhausted his ability to get a fair hearing on any of the previous NINE legitimate legal complaints filed in three different federal jurisdictions [depriving Plaintiff due process]") (emphasis in original). Plaintiff asserts NMDOJ has violated Plaintiff's rights under the United States Constitution and the New Mexico Constitution and violated federal and state laws "by fail[ing] to act within the scope of its legal responsibilities and duties to the citizens who reside within the state." *See* Complaint at 27, ¶¶ 105-107. Plaintiff also seeks the same relief in this case as he did in *Fulkerson I*. *Compare*, Complaint at 29-30, *with*, Complaint at 23-24, Doc. 1, filed April 22, 2024, in *Fulkerson I*.

      The Court orders Plaintiff to show cause why the Court should not dismiss: (i) the claims against Defendants NMDOJ, Torrez and Balderas as barred by the State of New Mexico's Eleventh Amendment immunity; and (ii) the claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 as barred by *res judicata*. *See Lowrey v. Sandoval County Children Youth and Families Department,* 2023WL4560223 *2 (10th Cir. July 17, 2023) (stating: "Given a referral for non-dispositive pretrial matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause") (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a)); *Lenox Maclaren Surgical Corporation v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) ("The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment."). If Plaintiff asserts the Court should not dismiss claims as described above, Plaintiff must file an amended complaint that states claims over which the Court has jurisdiction. The amended complaint must be a complete amended complaint, not an amendment to the original

3

complaint, and must comply with the Federal and Local Rules of Civil Procedure. *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir. 2005) ("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect") (citing *Miller v. Glanz,* 948 F.2d 1562, 1565 (10th Cir.1991)).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives.  *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that Plaintiff shall, within 21 days of entry of this Order: (i) show cause why the Court should not dismiss claims as described above; and (ii) file an amended complaint.

_____
**KIRTAN KHALSA**
**UNITED STATES MAGISTRATE JUDGE**