IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM FULKERSON,

    Plaintiff,

v.                                                                                     No. 1:25-cv-00258-WJ-KK

NEW MEXICO DEPARTMENT OF JUSTICE,
RAUL TORREZ,
HECTOR BALDERAS,
ANDREW DEAKYNE and
RODNEY GABALDON,

    Defendants.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL
AND ORDER TO SHOW CAUSE**

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Violation of Constitutional Rights and Damages Complaint, Doc. 1, filed March 12, 2025 ("Complaint"), on Defendant NMDOJ's Motion to Dismiss, Doc. 12, filed April 9, 2025, and on Defendant NMDOJ's Motion to Deem Plaintiff a Vexatious Litigant and Motion to Stay Proceedings, Doc. 11, filed April 9, 2025.

**Procedural Background**

This case appears to arise from the same events that gave rise to Plaintiff's previous case against these Defendants. *See Fulkerson v. New Mexico Department of Justice*, No. 1:24-cv-00382-SMD-SCY ("*Fulkerson IV*").

In *Fulkerson IV*, Plaintiff alleged that "his federal career was prematurely ended by the illegal actions of his former employer, the Social Security Administration." Order of Dismissal at 1, Doc. 22, filed February 28, 2025, in *Fulkerson IV* ("Order of Dismissal"). After seeking administrative relief from the Equal Employment Opportunity Commission and the Merit Systems

Protection Board, Plaintiff sought relief in this Court. *See* Order of Dismissal at 1 (citing previous cases in this Court). In *Fulkerson IV*, Plaintiff stated "that he filed complaints with the NMDOJ [New Mexico Department of Justice] alleging that the Social Security Administration, United States Judges and others did not provide Plaintiff with due process." Order of Dismissal at 2. Plaintiff asserted due process claims against Defendant NMDOJ, New Mexico Attorney General Raul Torrez, former New Mexico Attorney General Hector Balderas, Andrew Deakyne and Rodney Gabaldon for failing to prosecute the Social Security Administration and the United States Judges. *See* Order of Dismissal at 2-3, 8 (Defendants Deakyne and Gabaldon are attorneys with Garcia Law Group, LLC, and are counsel for Defendants NMDOJ, Torrez and Balderas in *Fulkerson IV*).

In *Fulkerson IV*, United States District Judge Sarah M. Davenport dismissed the claims against Defendants Torrez and Balderas, who Plaintiff sued in their official capacity only, and the NMDOJ without prejudice for lack of subject-matter jurisdiction based on the State of New Mexico's Eleventh Amendment sovereign immunity. *See* Order of Dismissal at 3-8. Judge Davenport dismissed the claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 with prejudice[1] for failure to state a claim because there are no allegations that Defendants Deakyne and Gabaldon were acting under color of state law. *See* Order of Dismissal at 8-9 (declining to exercise supplemental jurisdiction of Plaintiff's state-law claims and dismissing those claims without prejudice).

In this case, Plaintiff names the same Defendants he asserted claims against in *Fulkerson IV*. *See* Complaint at 1. Plaintiff alleges the Social Security Administration, United

---

[1] Judge Davenport dismissed the claims in conjunction with granting Defendants' motion to dismiss. *See* Order of Dismissal at 13.

2

States Judges and others violated Plaintiff's civil rights during previous proceedings Plaintiff initiated following his termination of employment with the Social Security Administration. *See* Complaint at 3-14; at 21, ¶ 78 (stating "Plaintiff has exhausted his ability to get a fair hearing on any of the previous NINE legitimate legal complaints filed in three different federal jurisdictions [depriving Plaintiff due process]") (emphasis in original). In this case, Plaintiff asserts NMDOJ has violated Plaintiff's rights under the United States Constitution and the New Mexico Constitution and violated federal and state laws "by fail[ing] to act within the scope of its legal responsibilities and duties to the citizens who reside within the state" by failing to prosecute the Social Security Administration and the United States Judges. *See* Complaint at 27, ¶¶ 105-107. Plaintiff also seeks the same relief in this case as he did in *Fulkerson IV*. *Compare*, Complaint at 29-30, *with*, Complaint at 23-24, Doc. 1, filed April 22, 2024, in *Fulkerson IV*.

United States Magistrate Judge Kirtan Khalsa ordered Plaintiff to show cause why the Court should not dismiss: (i) the claims against Defendants NMDOJ, Torrez and Balderas as barred by the State of New Mexico's Eleventh Amendment immunity; and (ii) the claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 as barred by *res judicata*. *See* Order to Show Cause at 3, 5 (ordering Plaintiff to also file an amended complaint).

Plaintiff filed a Response to the Order to Show Cause but did not file an amended complaint. *See* Response, Doc. 10, filed April 9, 2025.

Defendant NMDOJ filed a Motion to Dismiss arguing that "Plaintiff's claim for money damages is precluded by Eleventh Amendment immunity, and his non-specific claim for injunctive relief cannot sustain an *Ex parte Young* claim." Motion to Dismiss at 5, Doc. 12, filed April 9, 2025. Defendant NMDOJ also argues that Plaintiff's claims are barred by *res judicata* based on

3

the dismissal of *Fulkerson IV*. *See* Motion to Dismiss at 6. Plaintiff did not file a response to Defendant NMDOJ's Motion to Dismiss.

Defendant NMDOJ also filed a motion asking the Court to deem Plaintiff a vexatious litigant and restrict Plaintiff's filing rights and to stay proceedings until the Order to Show Cause is resolved. *See* Motion to Deem Plaintiff a Vexatious Litigant and Motion to Stay Proceedings, Doc. 11, filed April 9, 2025. The Court denies Defendant NMDOJ's request to stay proceedings as moot because, as discussed below, the Court is dismissing this case. The Court denies Defendant NMDOJ's request to impose filing restrictions on Plaintiff as premature because the Court must follow the Tenth Circuit's procedure for imposing filing restrictions, described below, which requires the Court to give Plaintiff notice and an opportunity to be heard to oppose the court's order before it is instituted. Defendants may file a brief addressing Plaintiff's response to the order to show cause why the Court should not impose filing restrictions.

## ORDER OF DISMISSAL

Judge Khalsa ordered Plaintiff to show cause why the Court should not dismiss: (i) the claims against Defendants NMDOJ, Torrez and Balderas as barred by the State of New Mexico's Eleventh Amendment immunity; and (ii) the claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 as barred by *res judicata*. *See* Order to Show Cause at 3.

**Eleventh Amendment Immunity**

Plaintiff's claims against Defendants NMDOJ, Torrez and Balderas are barred by the State of New Mexico's Eleventh Amendment immunity.

> Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett,* 531 U.S. 356, 363, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

4

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Muscogee (Creek) Nation v. Pruitt,* 669 F.3d 1159, 1166 (10th Cir. 2012) (internal citations omitted and altered).

*Levy v. Kansas Dept. of Social and Rehabilitation Services*, 789 F.3d 1164, 1169 (10th Cir. 2015). The immunity extends to arms of the state and to state officials who are sued for damages in their official capacity. *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir.2013).

Plaintiff states Judge Davenport's, Judge Khalsa's and the NMDOJ's "sole focus on the Eleventh Amendment sovereign immunity issue is a **RED HERRING!!!**" Response at 5, ¶ D (emphasis in original). Plaintiff states he addressed the issue in his Complaint which states:

> 55. The Eleventh Amendment argument is a dodge, a muddy the water issue at best. Prosecuting the criminal Legal Professionals is **ONLY ONE WAY TO UPHOLD AND DEFEND THE PLAITIFF'S** [sic] **CONSTITUTIONAL RIGHTS. There are other ways they could have preceded** [sic] **LEGALLY.** Based upon the Continuing Violation Doctrine- which is applicable to claims of an **ONGOING** Hostile Work environment, legal relief is required to END THE VIOLATION. That has not happened to date. The relief being asked for by the Plaintiff in this lawsuit is **PROSPECTIVE** in nature. See *Ex Parte Young, 209. U.S. 123, 28 S.Ct. 441, 52 L. Ed. 714 (1988).*

Complaint at 16 (emphasis in original). Plaintiff also states "The Subject matter Jurisdiction issue was resolved in the current case." Response at 6, ¶ 17 (citing paragraph one on page one of the Complaint which refers to Constitutional rights and states "The Subject matter jurisdiction by this Court is based upon federal questions of Law that need to be answered by this Court").

Plaintiff has not shown that the State of New Mexico has consented to suit in this Court or that Congress abrogated the State of New Mexico's sovereign immunity by legislation.

Plaintiff's statement that the hostile work environment is "ongoing" and that he seeks prospective relief is not sufficient to satisfy the *Ex parte Young* exception to sovereign immunity. "In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Collins v. Daniels*, 916 F.3d 1302, 1316 n.10 (10th Cir. 2019) (stating "the inquiry into whether suit lies under *Ex parte Young* does not include an analysis of the merits of the claim") (quoting *Verizon Md., Inc. v. Pub. Serv. Comm'n*, 535 U.S. 635, 646 (2002)). Plaintiff has not identified any prospective injunctive relief he seeks related to alleged ongoing violations of federal law. *See* Complaint at 30 (requesting damages and "also request[ing] this Court provide for any other (injunctive) relief the Court may deem proper such as pre-judgement and post-judgement interest, all Court costs expenditures, and future attorney fees if warranted").

### *Res Judicata*

Plaintiff's claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 are barred by *res judicata* based on Judge Davenport's dismissal of Plaintiff's Section 1983 claims against Defendants Deakyne and Gabaldon in *Fulkerson IV*.

> "The doctrine of res judicata, or claim preclusion, will prevent a party from litigating a legal claim that was or could have been the subject of a previously issued final judgment." *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005). "The principle underlying the rule of claim preclusion is that a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not have another chance to do so." *Stone v. Dep't of Aviation*, 453 F.3d 1271, 1275 (10th Cir. 2006) (citation omitted). To apply claim preclusion, "three elements must exist: (1) a [final] judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997). In addition, even if

6

>these three elements are satisfied, there is an exception to the application of claim preclusion where the party resisting it did not have a "full and fair opportunity to litigate" the claim in the prior action. *MACTEC*, 427 F.3d at 831 & n.6.

*Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1239 (10th Cir. 2025).

Plaintiff states "Judge Davenport was not able to decide **ANY** of the legal issues presented to her in that document. **There was no final decision rendered, therefore, a RES JUDICATA decision is not possible !!!**" Response at 1, ¶ 1 (emphasis in original). Plaintiff is incorrect. Judge Davenport dismissed Plaintiff's Section 1983 claims against Defendants Deakyne and Gabaldon in *Fulkerson IV* with prejudice and entered Final Judgment. *See* Order of Dismissal, Doc. 22, and Final Judgment, Doc. 23, both filed February 28, 2025, in *Fulkerson IV*. The other requirements for *res judicata* to apply, identity of parties and identity of cause of action, are satisfied. Finally, Plaintiff had a full and fair opportunity to litigate those claims in *Fulkerson IV* because Judge Davenport considered Plaintiff's response to Defendants' motion to dismiss before dismissing those claims. Plaintiff did not appeal Judge Davenport's dismissal of those claims. *See Johnson v. Spencer*, 950 F.3d 680, 709-711 (10th Cir. 2020) (stating plaintiff cannot escape from the claim-preclusive effect of a prior action "based on a procedural argument that was previously litigated and adjudicated in that action and that he had an opportunity to appeal before that judgment became final.").

**Disqualification**

Plaintiff alleges that the undersigned's ruling in a previous case demonstrated judicial bias. Complaint at ¶¶ 14, 48, 101; *see Fulkerson v. Saul*, No. 1:20-cv-01145-WJ-SCY ("*Fulkerson II*") (dismissed January 7, 2021). The undersigned was assigned to this case on May 6, 2025. Plaintiff has not moved for disqualification of the undersigned.

7

Having considered the facts and relevant law, I decline to disqualify myself. Section 455 provides:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> > (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

28 U.S.C. § 455(a and b(1)). Judges not only have a strong duty to recuse when appropriate, but also a strong duty to sit, and the statute [Section 455] "must *not* be so broadly construed that it becomes, in effect, presumptive, so that recusal is mandated upon the merest unsubstantiated suggestion of personal bias or prejudice." *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017).

> [F]ederal law instructs that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "This [recusal] requirement is intended 'to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible.'" *United States v. Wells*, 873 F.3d 1241, 1251 (10th Cir. 2017) (quoting *Mathis v. Huff & Puff Trucking, Inc.*, 787 F.3d 1297, 1310 (10th Cir. 2015)). "The standard is purely objective. The inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993); *see id.* ("In applying § 455(a), the judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality are not the issue."); *see also* Charles Gardner Geyh & Kris Markarian, Judicial Disqualification: An Analysis of Federal Law, § II.B.1.A, at 20 (3d ed. 2020) ("Section 455(a) makes clear that judges should apply an objective standard in determining whether to disqualify."). "In other words, a judge's subjective state of mind is irrelevant; what matters is whether 'the public might reasonably believe that [the judge] *knew*' of 'facts creating an appearance of impropriety.'" *Wells*, 873 F.3d at 1251 (alteration in original) (emphasis added) (quoting *Liljeberg v. Health Serv. Acquisition Corp.*, 486 U.S. 847, 860, 108 S.Ct. 2194, 100 L.Ed.2d 855 (1988)).
>
> "In applying the [objective] test, the initial inquiry is whether a reasonable *factual* basis exists for calling the judge's impartiality into question."
> . . . .

> "In conducting this review, we must ask how these facts would appear to a *well-informed*, thoughtful and objective observer," who is "an average member of the public," not a "hypersensitive, cynical, and suspicious person." *Mathis*, 787 F.3d at 1310 (emphasis added) (quoting *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir. 2004)). And courts must take into account that "cases within § 455(a) are extremely fact driven 'and must be judged on [their] unique facts and circumstances more than by comparison to situations considered in prior jurisprudence.'" *Nichols*, 71 F.3d at 351 (alteration in original) (quoting *United States v. Jordan*, 49 F.3d 152, 157 (5th Cir. 1995)); *accord Wells*, 873 F.3d at 1251.

*United States v. Martinez*, 92 F.4th 1213, 1255-56 (10th Cir. 2024) (emphasis in original).

There are no factual grounds that would cause a reasonable, objective person, knowing all the relevant facts, to question the undersigned's impartiality. Plaintiff filed a judicial misconduct complaint against the undersigned "in December 2021" based on the undersigned's rulings in Plaintiff's previous case. Complaint at ¶ 70. However, "adverse rulings cannot in themselves form the appropriate grounds for disqualification." *United States v. Wells*, 873 F.3d 1241, 1252 (10th Cir. 2017).

**Conclusion**

The Court dismisses Plaintiff's claims against Defendants NMDOJ, Torrez and Balderas without prejudice for lack of subject-matter jurisdiction based on the State of New Mexico's Eleventh Amendment sovereign immunity. The Court dismisses Plaintiff's claims against Defendants Deakyne and Gabaldon pursuant to 42 U.S.C. § 1983 as barred by *res judicata* based on Judge Davenport's dismissal of those claims in *Fulkerson IV*.

The Court, having dismissed Plaintiff's federal law claims, declines to exercise supplemental jurisdiction over Plaintiff's state law claims and dismisses this case. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction"); *Barnett v. Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C.*, 956 F.3d 1228, 1238 (10th Cir.

9

2020) ("The Supreme Court has encouraged the practice of dismissing state claims or remanding them to state court when the federal claims to which they are supplemental have dropped out before trial").

## ORDER TO SHOW CAUSE

Plaintiff has filed the following cases in this Court:

(i) *Fulkerson v. Social Security Administration*, No. 1:16-cv-00889-BRB-KBM ("*Fulkerson I*").  Plaintiff, who was represented by counsel, asserted employment discrimination and retaliation claims against his former employer, Defendant Social Security Administration.  The Court granted Defendant Social Security Administration's motion for summary judgment and dismissed *Fulkerson I* on April 6, 2018.  Plaintiff did not appeal the dismissal of *Fulkerson I*.

(ii) *Fulkerson v. Saul*, No. 1:20-cv-01145-WJ-SCY ("*Fulkerson II*") (Defendant Andrew Saul was the Commissioner of the Social Security Administration).  After noting that *Fulkerson II* appears to arise from the same facts in *Fulkerson I* and explaining that it appears the claims in *Fulkerson II* are barred by the doctrine of *res judicata* and/or the statute of limitations, the Court ordered Plaintiff, who was proceeding *pro se*, to show cause why the Court should not dismiss Fulkerson II and to file an amended complaint.  The Court dismissed *Fulkerson II* with prejudice on January 7, 2021, after Plaintiff failed to show that his claims are not barred by *res judicata* or the statute of limitations.  The Tenth Circuit Court of Appeals affirmed the dismissal, with one minor exception.  *See* Order and Judgment, Doc. 16-1, filed November 29, 2021, in *Fulkerson II* (reversing and remanding on

        Fulkerson's whistleblowing claim so that it can be dismissed without prejudice for lack of jurisdiction).

(iii) *Fulkerson v. New Mexico Office of the Attorney General*, No. 1:23-cv-00860-MV-SCY ("*Fulkerson III*").  Plaintiff filed *Fulkerson III* against Defendant New Mexico Office of the Attorney General alleging that multiple federal actors (i.e., judges) violated Plaintiff's federal and state-law rights when they issued final decisions in various legal cases that he filed without first addressing Plaintiff's property interest rights, that those rights violations were crimes and the NMOAG failed to prosecute the federal actors.  The Court granted Defendant NMOAG's motion to dismiss and, on March 19, 2024, dismissed *Fulkerson III* without prejudice based on Plaintiff's lack of standing to bring *Fulkerson III* against the NMOAG for failure to prosecute.  Plaintiff did not appeal the dismissal of *Fulkerson III*.

(iv) *Fulkerson v. New Mexico Department of Justice*, No. 1:24-cv-00382-SMD-SCY ("*Fulkerson IV*").  Plaintiff did not appeal the dismissal of *Fulkerson IV* which is described above in the Procedural Background section of this Order.

(v) *Fulkerson v. New Mexico Department of Justice*, No. 1:25-cv-00258-WJ-KK (this case).

Plaintiff's repeated attempts to litigate matters that have already been decided by the Court cause the Court and the Parties to needlessly expend valuable resources.  The Court finds that filing restrictions are appropriate so that the Court and Parties do not expend valuable resources addressing future such filings and orders Plaintiff to show cause why the Court should not impose filing restrictions.

**Court's Power to Impose Filing Restrictions**

The United States Court of Appeals for the Tenth Circuit has discussed the Court's power to impose filing restrictions and the procedure for imposing filing restrictions:

> "[T]he right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *Tripati v. Beaman,* 878 F.2d 351, 353 (10th Cir. 1989) (per curiam) (citation omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Cotner v. Hopkins,* 795 F.2d 900, 902 (10th Cir. 1986). "Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the ... court in curbing the particular abusive behavior involved," except that they "cannot be so burdensome ... as to deny a litigant meaningful access to the courts." *Id.* (brackets and internal quotation marks omitted). "Litigiousness alone will not support an injunction restricting filing activities. However, injunctions are proper where the litigant's abusive and lengthy history is properly set forth." *Tripati,* 878 F.2d at 353 (citations omitted). "[T]here must be some guidelines as to what [a party] must do to obtain the court's permission to file an action." *Id.* at 354. "In addition, [the party] is entitled to notice and an opportunity to oppose the court's order before it is instituted." *Id.* A hearing is not required; a written opportunity to respond is sufficient. *See id.*

*Landrith v. Schmidt*, 732 F.3d 1171, 1174 (10th Cir. 2013).

**Proposed Filing Restrictions**

The Court proposes to impose the following filing restrictions on Plaintiff:

Plaintiff will be enjoined from making further filings in this case except objections to this order, a notice of appeal and a motion for leave to proceed on appeal *in forma pauperis*; and the Clerk will be directed to not file any additional submissions by Plaintiff in this case other than objections to this order, a notice of appeal, or a motion for leave to proceed on appeal *in forma pauperis,* unless a licensed attorney who is admitted to practice before this Court and has appeared in this action signs the proposed filing.

Plaintiff also will be enjoined from initiating future litigation in this Court and the Clerk will be directed to not file any initial pleading that Plaintiff submits, unless either a licensed

attorney who is admitted to practice before this Court signs the pleading or Plaintiff first obtains permission to proceed *pro se*.  See *DePineda v. Hemphill*, 34 F.3d 946, 948-49 (10th Cir. 1994).

To obtain permission to proceed *pro se* in this Court, Plaintiff must take the following steps:

1. File with the Clerk of Court a petition requesting leave to file a *pro se* initial pleading, a notarized affidavit, the proposed initial pleading, and a copy of these filing restrictions;

2. The affidavit must be notarized, be in proper legal form and recite the claims that Plaintiff seeks to present, including a short discussion of the legal bases for the claims, and the basis of the Court's jurisdiction of the subject matter and parties.  The affidavit must certify that, to the best of Plaintiff's knowledge, Plaintiff's claims are not frivolous or made in bad faith; that they are warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law; that the new suit is not initiated for any improper purpose such as delay or needless increase in the cost of litigation; and that Plaintiff will comply with all Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure.  If Plaintiff's claims have previously been raised or Plaintiff has previously sued the defendants, the affidavit must certify that the proposed new suit does not present the same claims that this or any other court has decided and explain why the new suit would not be an abuse of the system;

3. The Clerk of the Court shall open a new civil case, file the petition, the affidavit, the proposed pleading and the copy of these restrictions in the new civil case, and randomly assign a Magistrate Judge to determine whether to grant Plaintiff's petition to proceed *pro se* in the new civil case.  *See* Mem. Op. and Order, Doc. 21 at 6-9, filed in *In re Billy L. Edwards*, No. 15cv631 MCA/SMV (D.N.M. November 13, 2015) (adopting procedure, similar to that of the Tenth Circuit, of opening a new case and filing the restricted filer's petition to proceed *pro se*).  If the Magistrate Judge approves Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall enter an order

indicating that the matter shall proceed in accordance with the Federal Rules of Civil Procedure and the District of New Mexico's Local Rules of Civil Procedure. If the Magistrate Judge does not approve Plaintiff's petition to proceed *pro se*, the Magistrate Judge shall instruct the Clerk to assign a District Judge to the new case.

    **IT IS ORDERED** that:

(i) Defendant NMDOJ's Motion to Dismiss, Doc. 12, filed April 9, 2025, is **GRANTED** as follows. Plaintiff's claims against Defendants New Mexico Department of Justice, Raul Torres and Hector Balderas are **DISMISSED without prejudice.** Plaintiff's claims against Defendants Andrew Deakyne and Rodney Gabaldon are **DISMISSED with prejudice.** This case is **DISMISSED.**

(ii) Defendant NMDOJ's Motion to Deem Plaintiff a Vexatious Litigant and Motion to Stay Proceedings, Doc. 11, filed April 9, 2025, is **DENIED.**

(iii) Within fourteen (14) days from entry of this Order, Plaintiff shall show cause why this Court should not enter the proposed filing restrictions described above. Plaintiff's written objections to the proposed filing restrictions shall be limited to 10 pages. If Plaintiff does not timely file objections to the proposed filing restrictions, the proposed filing restrictions shall take effect fourteen (14) days from the date of this order and will apply to any matter filed after that time. If Plaintiff timely files objections, restrictions will take effect only upon entry of a subsequent order. Defendants may, within 14 days of service of Plaintiff's response to this Order to Show Cause, file a reply addressing Plaintiff's response. Plaintiff may, within 14 days of service of Defendants' brief, file a surreply addressing Defendants' reply.

/s/
_____
**WILLIAM P. JOHNSON**
**SENIOR UNITED STATES DISTRICT JUDGE**